# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SUSAN McBRIDE,

       Plaintiff,                        CASE NO. 07-12794
                                          HON. LAWRENCE P. ZATKOFF

v.

THE CITY OF DETROIT,

       Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 28, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment (Dkt. #5).[1] Plaintiff has responded to Defendant's motion and Defendant has since replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is DENIED.

---

[1] Defendant's motion is labeled as a Motion for Summary Judgment, which is based on Fed. R. Civ. P. 56. However, Defendant also relies on Rule 12(b)(6). As explained below, the Court will consider the current motion solely as a Motion to Dismiss under Rule 12(b)(6), and will refer to the motion as a Motion to Dismiss.

## II.  BACKGROUND

This case arises out of Plaintiff's employment with Defendant and is brought pursuant to the Americans with Disabilities Act of 1990 (ADA or the Act), 42 U.S.C. §§ 12101 *et seq*. These facts are drawn from Plaintiff's Complaint and construed in the light most favorable to Plaintiff. Plaintiff began working for Defendant in September 2000. For her entire life, Plaintiff has suffered from a chemical sensitivity to scented substances such as perfume, body lotion, aftershave, cologne, hand cream, hair spray, deodorant, and various cleaning compounds. Exposure to these and other irritants causes headaches, nausea, chest tightness, cough, and rhinitis. Plaintiff's condition has required her to seek medical care, and she must consciously avoid exposure to irritants when possible. As a result, this condition has affected major portions of Plaintiff's daily life; for example, Plaintiff must avoid detergent aisles at grocery stores and close contact with people wearing perfume or other scented products. However, Plaintiff's ability to work has not been limited.

In July 2006, a co-worker who wore strong perfume transferred into Plaintiff's department. The co-worker worked in close proximity to Plaintiff and also used a room deodorizer. Shortly after the co-worker arrived at her work station, the smell of her perfume and deodorizer overcame Plaintiff, causing her to leave work. On a later date, Plaintiff asked the co-worker to unplug the room deodorizer and refrain from wearing perfume. The co-worker readily unplugged the deodorizer but refused to cease wearing perfume. Plaintiff eventually complained to her supervisor about the co-worker's perfume, and requested in writing that Defendant implement and enforce a "No Scent policy" prohibiting the wearing of scents or perfumes in the workplace as an accommodation to Plaintiff's chemical sensitivity. However, Defendant denied Plaintiff's request and has not offered Plaintiff an alternative accommodation.

As a result of her exposure in July 2006, Plaintiff has missed a substantial amount of time from work and has received extensive medical treatment. Additionally, Plaintiff has suspended fertility treatments that she had been receiving because the fertility drugs are medically contraindicated with the medications Plaintiff needed as a result of her exposure at work.

On October 18, 2006, Plaintiff filed a charge with the Equal Employment Opportunities Commission (EEOC) alleging discrimination based on a disability. The EEOC dismissed this charge on April 16, 2007, which gave Plaintiff 90 days to file an action in state or federal court. Plaintiff has since commenced the instant suit, alleging that Defendant violated her rights under the ADA by failing to accommodate her chemical sensitivity. Defendant now moves for summary judgment pursuant to Fed. R. Civ. P. 56(c) and Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff is not disabled and that her requested accommodation was not reasonable.

### III. LEGAL STANDARD

Defendant labeled the present motion as a Motion for Summary Judgment. Nevertheless, Defendant cites and relies on both Rule 56(c) and Rule 12(b)(6). Therefore, the Court must determine the appropriate legal standard for deciding the motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). In contrast, a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *Jackson v.*

3

*Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

Generally, summary judgment should not be granted before the parties are given adequate time for discovery. *See* Fed. R. Civ. P. 56(f); *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2713 (3d ed. 1998) (explaining that summary judgment motions made on the pleadings alone are functionally equivalent to a motion to dismiss for failure to state a claim). As there has been virtually no discovery to date, nor any discovery materials offered in support or defense of the current motion, the Court finds that this case is not ripe for summary judgment. Therefore, Defendant's motion will be addressed solely as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### IV. ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint and argues (1) that Plaintiff is not disabled as defined in the ADA, and (2) that Plaintiff's requested accommodation was not reasonable. Plaintiff responds that she has properly alleged facts sufficient to show both that she is disabled under the ADA and that her requested accommodation was reasonable. In light of the Federal Rules' liberal pleading standard, the Court finds that Plaintiff's allegations are sufficient to survive Defendant's Motion to Dismiss.

Plaintiff's claim is brought pursuant to the ADA, 42 U.S.C. § 12112. Specifically, Plaintiff claims that Defendant violated the Act when it refused to provide her with a reasonable accommodation for her chemical sensitivity. The ADA provides that "[n]o covered entity shall

discriminate against a qualified individual with a disability because of the disability of such individual ...." 42 U.S.C. § 12112(a). The Act requires covered entities to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee, unless such covered entity can demonstrate that the accommodation would impose undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 193 (2002). To establish her claim Plaintiff must show: (1) that she is disabled; (2) that she is otherwise qualified for the job; and (3) that Defendant, knowing of her disability, refused to make a reasonable accommodation for her disability. *See* 42 U.S.C. § 12112(b)(5)(A); *Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir. 1997). For purposes of the ADA, disability means, "with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(a). Plaintiff alleges that her chemical sensitivity substantially limits her ability to perform the major life activities of breathing, socializing, and reproducing.

Defendant argues that Plaintiff cannot prevail because her chemical sensitivity does not substantially limit any of the stated major life activities. Rather than challenging the legal sufficiency of Plaintiff's pleadings, however, Defendant questions whether Plaintiff can actually prove a substantial limitation to a major life activity. Such arguments go beyond the scope of a motion to dismiss. By defining disability "with respect to an individual," Congress made clear that the disability determination should be made on a case-by-case basis. *Toyota*, 534 U.S. at 198. Consequently, this determination does not necessarily depend on the name or diagnosis of the impairment. *Id.* Instead, "[t]he plaintiff is entitled to an individualized assessment of his particular circumstances rather than an assessment based on how a specific impairment usually affects those

who have it." *McLorn v. Comm. Health Services*, 456 F. Supp. 2d 991, 996 (S.D. Ill. 2006).

Contrary to the case-by-case analysis the Act requires, Defendant essentially seeks a determination that Plaintiff's chemical sensitivity is not a disability as a mater of law. Yet Defendant has cited no authority for this argument. Indeed, the cases Defendant has provided, which were all decided on summary judgment and tested strength of the plaintiffs' evidence, demonstrate that the disability determination is inherently factual. *See*, *e.g.*, *Franks v. Cet. Garden & Pet Co.*, No. 06-68, 2007 WL 2320624, (M.D. Ga. Aug. 10, 2007). As these cases show, the existence of a disability turns on the specific effects of the impairment in question on the particular plaintiff. Such determinations cannot be made without full discovery, and on a motion to dismiss the Court will not inquire as to whether or not Plaintiff will later be able to support and establish her claims with evidence.

In the present case, Plaintiff's chemical sensitivity, if proved, constitutes a physical impairment under the ADA. Physical impairments include "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." *Toyota*, 534 U.S. at 194-95 (quoting 45 C.F.R. § 84.3(j)(2)(i)).[2] As alleged in Plaintiff's Complaint, the chemical sensitivity is a physiological disorder that affects, at least, her special sense organs and her respiratory system, and is thus a physical impairment under the Act.

---

[2]Although no agency has been delegated with authority to interpret the general provisions of the ADA, including the term "disability," courts have looked to applicable agency regulations for guidance. *Hoskins v. Oakland County Sheriff's Dep't*, 227 F.3d 719, 724 n. 1 (6th Cir. 2000). As neither party has claimed that the relevant regulations do not apply, the Court will assume their validity.

Plaintiff further claims that her chemical sensitivity has affected her major life activities in that she must vigilantly avoid scented chemical products and has suspended fertility treatments. Under the Act, major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998) (quoting 45 C.F.R. § 84.3(j)(2)(ii)). Although Plaintiff has not explicitly stated that the chemical sensitivity affects one of the major life activities enumerated above, for purpose of this motion the Court can infer that Plaintiff's chemical sensitivity limits her ability to breath and engage in social activities. Moreover, it is reasonable to infer that the chemical sensitivity limits her ability to reproduce. These are major life activities for purposes of the Act. *See* 45 C.F.R. § 84.3(j)(2)(ii); *Toyota*, 534 U.S. at 197 (concluding that "major life activities" refers to "those activities that are of central importance to daily life"); *Bragdon*, 524 U.S. at 639 (holding reproduction is a major life activity for purposes of the ADA).

Finally, accepting Plaintiff's factual allegations as true and construing them in her favor, it is reasonable to infer that her chemical sensitivity has substantially limited Plaintiff's major life activities of breathing, engaging in social activities, and reproduction. For ADA purposes, "substantially limits" means "[u]nable to perform a major life activity that the average person in the general population can perform"; or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 480 (1999) (quoting 29 C.F.R. § 1630.2(j)). According to her Complaint, Plaintiff must avoid irritants in all phases of her life. Given the prevalence of scented perfumes, cleaning products and similar materials

7

in everyday life, it is reasonable to infer that Plaintiff's ability to conduct daily activities is substantially limited. Similarly, since Plaintiff could come into contact with irritants virtually anywhere, and in light of the effects such irritants have on her respiratory system, it is also reasonable to infer that Plaintiff's ability to breathe is substantially limited.

In light of the legal standard under Rule 12(b)(6), Defendant's argument that Plaintiff's ability to breathe is not substantially limited because her breathing is only affected when she comes into contact with chemical irritants is unpersuasive. Plaintiff could potentially come into contact with irritants anywhere, and thus could suffer the negative effects anywhere. Likewise, Defendant's argument that Plaintiff's ability to reproduce has not been substantially limited as a matter of law is unpersuasive. "[T]he determination of whether an individual is disabled should be made with reference to measures that mitigate the individual's impairment ...." *Sutton*, 527 U.S. at 475. This includes consideration of the negative effects a mitigating measure may have. *Id.* at 482. Thus, the effect Plaintiff's medication has on her fertility treatment could be considered to be a limitation on her ability to reproduce. Accordingly, the Court concludes that Plaintiff has properly pled the existence of a disability under the ADA.

Lastly, in addition to contesting the existence of a disability Defendant argues that Plaintiff's requested accommodation is unreasonable and, therefore, she cannot state a claim under the ADA. Similar to Defendant's arguments regarding the existence of a disability, this argument is beyond the scope of a motion to dismiss. *See Faircloth v. Duke University*, 267 F. Supp. 2d 470, 474 (M.D.N.C. 2003). In order to accommodate her disability, Plaintiff requested that Defendant implement a "No-Scent policy" to prohibit employees from wearing any products that produce a scent. The reasonableness of this accommodation in light of the burden it would place on Defendant

is an inherently factual issue that would require the Court to extend its inquiry outside the pleadings. *See id.* ("What accommodation would be 'reasonable,' whether defendant has made sufficient efforts to enforce its policy if that is determined to be a reasonable accommodation, and what, if anything, defendant could have done to better enforce its policy are all issues of fact which must be examined on summary judgment."). As such, the Court cannot say that no set of facts exists that would allow Plaintiff to demonstrate the reasonableness of this accommodation. Therefore, the Court finds that Plaintiff has properly pled a reasonable accommodation.

## V. CONCLUSION

Having found that Plaintiff's Complaint adequately alleges the existence of a disability and a reasonable accommodation, the Court concludes that Plaintiff has stated a claim under the ADA. Therefore, IT IS ORDERED that Defendant's Motion is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 28, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290