

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FILED
MAY 29 2009
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**SUSAN MCBRIDE,**

    Plaintiff,

CA #2:07-cv.12794

vs.

**HON. LAWRENCE P. ZATKOFF
MAGISTRATE STEVEN PEPE**

**THE CITY OF DETROIT,**

    Defendant.

_____/

| ANN CURRY THOMPSON (P27242)<br>Kelman Loria, PLLC.<br>660 Woodward Avenue<br>1420 First National Building<br>Detroit, Michigan 48226-3588<br>(313) 961-7363 | GRANT HA (P53403)<br>City of Detroit Law Department<br>660 Woodward Ave., Suite 1650<br>Detroit, Michigan 48226<br>(313) 237-5036 |
|---|---|

_____/

## PROPOSED JOINT PRETRIAL ORDER

**NOW COME** the parties by and through their respective counsel and submit their Proposed Joint Pretrial Order. The parties propose that the Joint Pretrial Order contain the following submissions:

I.     **PLAINTIFF'S STATEMENT OF CLAIMS AND LEGAL THEORIES.**

    **A.**      Plaintiff is a qualified person with a disability under the Americans with Disabilities Act 42 U.S.C. §§12101 *et seq.* who can with accommodation perform the essential functions of her job. She suffers from a life-long severe chemical sensitivity to perfumes and to other scented substances, as well as to room deodorizers and cleaning compounds.

    **1.**      Plaintiff's disability significantly limits the major life activity of breathing, as defined in C.F.R. §1630.2(i) (2007). When exposed to scents or scented products she experiences chest tightness, coughing and rhinitis.

    **2.**      Her condition is well-documented medically.

    **B.**    Plaintiff made a written request for a reasonable accommodation as contemplated by the ADA.

        **1.**    Plaintiff's accommodation request was objectively reasonable.

        **2.**    Plaintiff also has identified numerous policies regulating the use of scents and scented products in the work environment that have been adopted by other employers, agencies and institutions.

    **C.**    Defendant failed to engage in the interactive process required by the ADA and thus cannot carry its burden to show that plaintiff's requested accommodation was unduly burdensome as required by contemplated by 29 C.F.R. §1630.2(o)(3).

**II.**    **DEFENDANT'S STATEMENT OF CLAIMS AND LEGAL THEORIES.**

In addition to its affirmative defenses, Defendant adds the following:

    **A.**    **Plaintiff is Not Disabled Because She is Not Substantially Limited in the Major Life Activity of Breathing.**

Plaintiff is not qualified as a person with a disability under the ADA because she is not substantially limited in the major life activity of breathing. Plaintiff is not significantly restricted as to the condition, manner, or duration under which she can breathe compared to the average member of the population.

    **B.**    **Reasonable Accommodation.**

The City contends that if the Plaintiff had requested a specific accommodation **and** had shown that the requested accommodation was objectively reasonable, the burden would have shifted to the City to demonstrate that the accommodation would impose an undue hardship. However, failed to request for a specific reasonable accommodation. Rather, she alleged that she had a disability, and had requested an opportunity to work with the City to accommodate her disability. Therefore, Plaintiff's failure to ask for a specific, objectively reasonable accommodation fails to meet the burden of the law.

Nevertheless, Plaintiff's supervisor attempted to have Ms. Chaney refrain from using her perfume and room deodorant. The City contends that Ms. Chaney complied with both requests. Furthermore, even though the City disputed that Plaintiff was disabled, it nevertheless engaged in an interactive process with her designated representative, her union. In an effort to resolve Plaintiff's issues, without conceding that Plaintiff was disabled, the City granted Plaintiff leave under the Family and Medical Leave Act, which she accepted. The City also explored moving Plaintiff, which was rejected by her union representative. Additionally, the City explored moving Ms. Chaney.

Finally, in early January of 2007, Plaintiff's attorney demanded a no scent policy and attached a copy of a policy purportedly adopted by the Michigan Department of Information Technology. However, that policy mandated compliance or face discipline, which is a mandatory no-scent policy that the Sixth Circuit has rejected. Secondly, the language of the policy was vague and ambiguous such that the level of scents would be subjectively determined by a sniff test. The City contends that such language was something that the Sixth Circuit has rejected.

### III. STIPULATIONS OF FACTS.

The parties stipulate to the following:

A. Jurisdiction of this Court - Plaintiff Susan McBride brings this lawsuit against defendant City of Detroit under the Americans with Disabilities Act of 1990 [ADA], 42 U.S.C. §12101 et seq.; alleging specifically defendant's failure to accommodate her disability pursuant to the ADA Section 102(b)(5)(A); 42 U.S.C. §12112(b)(5)(A). Plaintiff seeks declaratory, injunctive and monetary relief. The Court has federal question jurisdiction over this action under 28 U.S.C. §1331.

**B.**   Plaintiff's Employment:

1. Plaintiff's date of hire as a full time employee in September 2000.

2. Her initial classification was as a Senior City Planner in the City of Detroit's Planning and Development Department.

3. She was subsequently promoted to monitor and regulate the City of Detroit's Historical Districts.

4. She is the sole person in the City of Detroit who is responsible for the City's preservation of its historical districts.

5. She supervised two contract employees who assist her in carrying out her duties.

6. Her department supervisor during the time period relevant to this case is John Baran.

7. Her direct supervisor during the time period relevant to this case is Kim Robinson.

8. The person designated by the City of Detroit's Human Resources Department to handle plaintiff's FMLA and ADA accommodation request was Renee Laster.

9. During the relevant period of time the Director of the Human Department was James Tyler, Jr.

10. Plaintiff is a member of the Association of Professional and Technical Employees Union.

11. Plaintiff filed a grievance with her union seeking an accommodation.

12. The President of her union is Dempsey Addison.

13. Plaintiff filed the jurisdictionally prerequisite charge with the Equal Employment Opportunities Commission.

14. Plaintiff filed her lawsuit within 90 days of receipt of her Notice of Right to Sue.

15. Rosalind Chaney works for the City of Detroit Planning and Development Department.

### III.   ISSUES OF FACT REMAINING TO BE LITIGATED.

    **A.**    Whether plaintiff has a disability.

    **B.**    Whether plaintiff's impairments substantially affect the major life activity of breathing.

    **C.**    Whether plaintiff was exposed to scented products in the work place which significantly activated her underlying sensitivity to scents.

    **D.**    Whether plaintiff's accommodation request was sufficiently specific as might be required by law and whether it was objectively reasonable .

    **E.**    Whether defendant proposed any reasonable accommodation, including moving the situs of plaintiff's work area as an accommodation.

    **F.**    Whether moving the situs of plaintiff's work area was possible or feasible.

    **G.**    Whether moving Rosalind Chaney was possible or feasible.

    **H.**    Whether defendant engaged in an informal interactive process to accommodate plaintiff's sensitivity to scents.

    **I.**    Whether defendant's offer of FMLA constituted an offer of reasonable accommodation under all the circumstances.

### V.   REMAINING ISSUES OF LAW TO BE LITIGATED.

There are no known remaining independent or specific issues of law to be determined at this time. However, the parties believe that the factual questions above have underlying questions of law, the requirements of which might need to be addressed at trial from time to time.

This Court has found that plaintiff has established a *prima facie* claim of ADA discrimination for failure to accommodate that is sufficient to present the questions of fact identified above to the jury. [*See* Opinion and Order, entered on November 25, 2008].

### VI.   EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL.

Plaintiff is unaware of any evidentiary problems that are likely to arise at trial beyond those common in employment cases related to relevancy and hearsay, other than the following: Plaintiff intends on introducing medical records that have been subpoenaed and copied by certified records copy companies related to any statements for the purposes of medical diagnosis under Fed. R. Evid. 802(4). Plaintiff also intends on admitting evidence of policies adopted by other employers, corporations and institutions for purposes of showing the reasonableness of

plaintiff's accommodation requests. Plaintiff will object to any testimony by Dr. John Bernick on the ground that defendant has not identified him as an expert witness and has never produced a copy of his IME report in spite of numerous requests. Plaintiff will object to any witness who has not been previously identified.

**VII.    WITNESSES TO BE CALLED.**

    **A.    PLAINTIFF'S WITNESSES:**

        **1.**    All of the following witnesses are likely to be called:

Plaintiff

John Baran

Kim Robinson (by *de bene esse* Trial Deposition)

Renee Laster

James Tyler, Jr.

Dempsey Addison

Rosalind Chaney

Carol Goll

Dr. Mark Florek

Dr. Margarita Garriga

Dr. Jennifer Appleyard

        **2.**    The following witnesses may be called:

Dr. Raymond Vasser

Dr. Adam Rubin

Christine Menaldi

Dr. Carole Kowlczyk

Dr. Demetrios Mermiges

**B.    DEFENDANT'S WITNESSES**

    1.    Defendant is likely to call:

Susan McBride, Plaintiff

Kim Robinson, address and phone number to be furnished by Plaintiff's counsel

John Baran, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Rosalind Chaney, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Shannon Black, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Helen-Marie Sharpley, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Dempsey Addison, Association of Professional & Technical Employees, 2727 Second Avenue Suite 152, Detroit, MI 48201

Renee Laster, City of Detroit, Human Resources Department, 2 Woodward Ave, Suite 314, Detroit, MI 48226

Dr. John J. Bernick, MD, PhD, (expert), Michigan Occupational Health Associates, PC, 751 South Military, Dearborn, MI 48124-2195, Phone (313) 274-3311

    2.    Defendant may call the following:

Danielle Lewon, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Douglas Diggs, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Karen Hairston, City of Detroit, Human Resources Department, 2 Woodward Ave, Suite 314, Detroit, MI 48226

Charlene Price, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Darryl Edwards, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Bruce Evans, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Jean Paul Harang, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Daryl Hardy, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Harry Lewis, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Khalil Mogassabi, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Charles Ohno, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Timothy Palazzolo, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Gregory Parrish, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Tracee Patterson Davie, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Loretta Rivers, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Donald Ray Smith, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Crystal Wilson, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Nathan Grey, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

Robert Linn, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226

> Raju Mann, City of Detroit, Planning & Development Department, 65 Cadillac Square, Suite 1300, Detroit, Michigan 48226
>
> Cecily McClellan, Association of Professional & Technical Employees, 2727 Second Avenue Suite 152, Detroit, MI 48201
>
> Jennifer Appleyard, 17770 Mack, Grosse Pointe, MI 48230
>
> Margarita Garriga, 18161 W. 13 Mile Rd., Southfield, MI 48076-1113
>
> Mark Florek, 280 N. Old Woodward, Suite 208, Birmingham, MI 48009
>
> Adam Rubin, 21000 E. 12 Mile Rd., Suite 111, St. Clair Shores, MI 48081
>
> Julie Mariotti, 2709 W. Webster, Royal Oak, MI 48073
>
> Demetrios Mermiges, 25631 Little Mack, Suite 104, St. Clair Shores, MI 48081

## VIII. ITEMIZATION OF SPECIAL DAMAGES.

Plaintiff's economic loss and out-of-pocket medical expenses are as follows:

6 weeks total wage loss at $25 per hour for 40 hours (corresponding to the depletion of plaintiff's sick bank making it unavailable for carry-over, payment in lieu of paid leave and/or for sick leave related to other medical or personal problems) = $6,000.00. She has out-of-pocket medical expenses in the amount of $300.00 approximately.

Plaintiff's non-economic damages are significant involving both physical distress from exposure to scented products in the work environment as well as embarrassment, humiliation and outrage. She will seek non-economic damages in excess of $750,000.

Plaintiff will also seek substantial attorney fees as a prevailing party under the law and applicable case authorities.

Defendant's position is that plaintiff is not entitled to any damages.

## IX. ESTIMATED LENGTH OF JURY TRIAL.

**A.** Time for plaintiff's proofs – One to one and one-half weeks for proofs and related matters.

**B.** Time for defendant's proofs – One to one and one-half weeks for proofs and related matters.

**C.** The parties do not waive jury trial.

**D.** The parties will stipulate to a non-unanimous verdict.

## X. SETTLEMENT DISCUSSIONS

The counsel for the parties met together with a representative from defendant's Human Resources Department and plaintiff Susan McBride on April 21, 2009. At this meeting plaintiff presented a list of possible policies that the City could adopt as an accommodation to plaintiff's impairment. Plaintiff also presented a monetary demand to compensate plaintiff for wage loss and for emotional damages, as well as a demand for attorney fees. At the conclusion of this meeting, the parties were agreed in principle that the City would adopt relevant policies (with language to be proposed) that would be adopted for purposes of postings, employment manuals and instructional materials on the ADA. Subsequently on May 7, 2009, plaintiff directed a nine-page letter to defendant that contained proposed language to be adopted in postings, manuals and instructional material as identified above. Counsel for defendant must present the proposed language through several levels, including but not necessarily limited to, the Human Resources Department and Department Directors.

The parties will continue to seek a global settlement. When defendant has completed all of the required levels of review, the parties will meet and confer to make any necessary revisions in the proposed language and to settle the question of monetary relief. This contemplated meeting is not intended to substitute for interim conferences by email, telephone or fax, as might be required in order to expedite a complete resolution.

The parties believe that Alternative Dispute Resolution, such as facilitation by a Magistrate Judge or private facilitator, would be helpful to expedite and resolve the question of monetary relief. Defendant prefers Magistrate Mona Mazoub, Michael Stacy or Pamela Harwood for this purpose. Plaintiff prefers assignment to a sitting Magistrate Judge of the Court's designation.

Ultimately, any settlement resolution involving equitable and monetary relief must be reviewed and approved by Corporation Counsel and the City Council for the City of Detroit, following the completion of the required levels of review identified above.

DISTRICT COURT JUDGE

Approved:

Ann Curry Thompson, Attorney for Plaintiff

Grant Ha, Attorney for Defendant

Dated: May 28, 2009